UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: Alesa Lynn Slepsky | ) | Case Number: 17-10005 |
| | ) | Chapter 13 Proceedings |
| Debtor | ) | Judge Arthur I. Harris |

| | | |
|---|---|---|
| CRAIG SHOPNECK, | ) | Adversary Proceeding Number_____ |
| CHAPTER 13 TRUSTEE | ) | |
| 200 Public Square, Suite 3860 | ) | |
| Cleveland, OH 44114-2321 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALESA LYNN SLEPSKY | ) | |
| 451 Hyder Drive | ) | |
| Madison, OH 44057 | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO IMPOSE INJUNCTIVE SANCTIONS PURSUANT
TO SECTIONS 105 AND 349 OF THE BANKRUPTCY CODE**

Plaintiff CRAIG SHOPNECK, CHAPTER 13 TRUSTEE ("Plaintiff" or "Trustee") states as follows his complaint against Defendant ALESA LYNN SLEPSKY ("Defendant"):

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding based on 28 U.S.C. 1334 and 28 U.S.C. 157 and the applicable Local Rules.

2. Venue is proper under 28 U.S.C. 1409.

3. This matter is a core proceeding as defined by 28 U.S.C. 157 and is properly brought as an adversary complaint in compliance with Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure.

## FACTS

4. Defendant filed a voluntary petition for relief under Chapter 13 of Title 11, U.S.C. on January 2, 2017. On June 28, 2017, this Court entered an order dismissing this case for Defendant's failure to fund her Chapter 13 Plan.

## LAW AND ARGUMENT

5. Section 105 of the Bankruptcy Code gives the court the authority to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code.

6. Section 349(a) of the Bankruptcy Code gives the court the discretion to dismiss a case for longer than the 180 day period referenced in Section 109 of the Bankruptcy Code.

7. Plaintiff is taking the unusual step of seeking the imposition of a 3 year prohibition against Defendant seeking relief under any chapter, provision, or section of the Bankruptcy Code because of his complete lack of interest in a successful financial reorganization. The case at bar is Defendant's 7th bankruptcy filing since March 1997. The following is a summary of Defendant's previous filings:

| **Case Number** | **Date of Filing** | **Chapter Number** | **Disposition** |
| --- | --- | --- | --- |
| 97-11997-pmc | 03/28/1997 | 13 | 04/22/1999 Discharged. |
| 99-14350-pmc | 06/04/1999 | 13 | 09/21/1999 Dismissed for failure to appear and show cause for failure to appear at meeting of creditors. |
| 13-14799-pmc | 07/07/2013 | 13 | 08/29/2013 Dismissed for failure to fund Plan. |
| 14-11389-pmc | 03/08/2014 | 13 | 11/12/2014 Dismissed for failure to fund Plan. |
| 15-12178-pmc | 04/19/2015 | 13 | 08/10/2015 Dismissed for failure to fund Plan. |
| 16-13752-pmc | 07/08/2016 | 13 | 07/21/2016 Voluntarily Dismissed. |

Excluding Defendant's first case, number 97-11997, all of Defendant's cases were dismissed prior to completion, with at least 5 of the cases, numbers 99-14350, 13-14799, 15-12178, and 16-13752

dismissed within less than 6 months of the petition dates. It is clear from Defendant's conduct in the case at bar and in the previous cases that Defendant is simply unable or unwilling to comply with the obligations of a debtor under the Bankruptcy Code, therefore it would be prejudicial to the creditors of Defendant's estate and burdensome to Plaintiff to allow Defendant to file again for bankruptcy relief until Defendant's creditors are given ample time to pursue their legal collection remedies.

8. Furthermore, the Lake County Common Pleas Court records indicate that a foreclosure proceeding filed on or about July 10, 2012 with respect to real property located at 451 Hyder Drive, Madison, OH 44057 has been pending and stayed for almost 5 years due to the bankruptcy filings of Defendant. It is apparent that Defendant has sought bankruptcy relief not for the purpose of reorganization, but to thwart the legal collection efforts of the creditors.

9. A debtor who repeatedly fails to comply with even the most basic requirements of a Chapter 13 case is a debtor who is not the "poor but unfortunate" debtor whom the Bankruptcy Code is designed to help, but is instead a debtor who has not filed cases in "good faith" as required by Section 1325 of the Bankruptcy Code. Imposing a 3 year prohibition on Defendant for seeking relief under any chapter, provision, or section of the Bankruptcy Code would hopefully prevent this cycle from repeating itself, at least temporarily. Only a prohibition of this nature will prevent Defendant from forestalling the legal collection efforts of the lien holders by abusing the bankruptcy process and filing case after case after case in bad faith.

**RELIEF SOUGHT**

Pursuant to Sections 105 and 349 of the Bankruptcy Code, Plaintiff is requesting that this Honorable Court impose a 3 year prohibition on Defendant against filing for relief under any chapter, provision, or section of the Bankruptcy Code. Furthermore, Plaintiff is requesting that the Clerk of the

United States Bankruptcy Court for the Northern District of Ohio and her staff be directed to refuse any case for filing under Title 11, U.S.C., by or on behalf of Defendant during the 3 year prohibition.

Respectfully submitted,

/S/ Philip D. Lamos
PHILIP D. LAMOS (#0066844)
Attorney for Craig Shopneck, Chapter 13 Trustee
200 Public Square, Suite 3860
Cleveland, OH 44114-2321
(216) 621-4268
plamos@ch13cleve.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2017, a true and correct copy of the Complaint to Dismiss Case and to Impose Injunctive Sanctions Pursuant to Sections 105 and 349 of the Bankruptcy Code was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

   Antoinette E. Freeburg, on behalf of Alesa Lynn Slepsky, Defendant, at toni@freeburglaw.com

And by certified, return receipt and/or regular U.S. mail, postage prepaid, upon:

   Antoinette E. Freeburg, on behalf of Alesa Lynn Slepsky, Defendant, at Freeburg Law Firm, LPA
       6690 Beta Drive, Suite 320, Mayfield Village, OH 44143
   Alesa Lynn Slepsky, Defendant, at 451 Hyder Drive, Madison, OH 44057
   Office of the United States Trustee, at Howard M. Metzenbaum United States Courthouse, 201
       Superior Avenue, Cleveland, OH 44114

/S/ Philip D. Lamos
PHILIP D. LAMOS (#0066844)